**EXHIBIT "1"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

AFN ABSPROP001, LLC and ARG ME19PCK001,    :
LLC,    :
   :
                   Plaintiffs,    :
   :
      -against-    :
   :
IMPERIAL RELIANCE, LLC, and KINGS OIL    :
COMPANY, LLC    :
   :
              Defendants.    :
   :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

Index No.: _____/2025

**<u>SUMMONS</u>**

**Plaintiffs designate New York County as the place of trial pursuant to CPLR § 501**

TO THE ABOVE-NAMED DEFENDANTS:

         **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated:   New York, New York
        November 20, 2025

**ARENTFOX SCHIFF LLP**
*Attorneys for Plaintiffs*

By:   */s/ Dejan Kezunovic* _____
       Andrew I. Silfen
       Dejan Kezunovic
       James E. Britton
1301 Avenue of the Americas,
42nd Fl.
New York, NY 10019
(212) 484-3931

TO: IMPERIAL RELIANCE, LLC
3010 LBJ Freeway, Suite 1400
Dallas, Texas 75234

KINGS OIL COMPANY, LLC
3010 LBJ Freeway, Suite 1400
Dallas, Texas 75234

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

AFN ABSPROP001, LLC and ARG ME19PCK001, LLC,

                    Plaintiffs,

      -against-

IMPERIAL RELIANCE, LLC, and KINGS OIL COMPANY, LLC

                    Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Index No.: _____/2025

**VERIFIED COMPLAINT**

Plaintiffs AFN ABSPROP001, LLC ("AFN") and ARG ME19PCK001, LLC ("ARG"; together with AFN, "Landlords" or "Plaintiffs"; individually, each a "Landlord"), by their undersigned attorneys, ArentFox Schiff LLP, as and for their Verified Complaint ("Complaint") against defendants IMPERIAL RELIANCE, LLC ("Imperial" or "Tenant") and KINGS OIL COMPANY, LLC ("Kings Oil" or Guarantor"; together with Imperial, collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     This is an action for damages, costs and attorneys' fees based upon (a) Tenant's failure to pay rent to Landlords pursuant to three master lease agreements for thirty-nine (39) properties located in Georgia; and (b) Guarantor's default under three corresponding guaranties.

## JURISDICTION AND VENUE

2.     Jurisdiction and venue are proper in this Court based upon the underlying agreements, wherein the parties specifically agreed upon jurisdiction of New York courts over any litigation arising from or in connection with said agreements.

3.     Landlords designate the County of New York as the place of trial.

## PARTIES

4.      AFN is a Delaware limited liability company with a business address at 38 Washington Square, Newport, RI 02840.

5.      ARG is a Delaware limited liability company with a business address at 38 Washington Square, Newport, RI 02840.

6.      Imperial is an Iowa limited liability company with a business address at 3010 LBJ Freeway, Suite 1400, Dallas, TX 75234.

7.      Kings Oil is a Texas limited liability company with a business address at 3010 LBJ Freeway, Suite 1400, Dallas, TX 75234.

## FACTS

### A.      The Master Leases

8.      At all relevant times, Landlords were the owners of thirty-nine (39) Georgia properties, to wit: AFN was the owner of the twenty-one (21) properties identified on **Exhibit A** and **Exhibit B** annexed hereto, and ARG was the owner of eighteen (18) properties identified on **Exhibit C** annexed hereto (collectively, the "Premises").[1]

9.      Tenant came into possession of the Premises pursuant to three master leases (collectively, the "Master Leases"), to wit: (a) Master Lease Agreement, dated June 12, 2023, by and between AFN, as landlord, and Tenant, as tenant, as amended by that certain First Amendment to Master Lease Agreement, dated September 27, 2023, and that certain Second Amendment to Master Lease Agreement, dated April 17, 2025 (collectively, the "AFN 18 Master Lease"); (b) Master Lease Agreement, dated June 9, 2023, by and between AFN, as landlord, and Tenant, as tenant, as amended by that certain First Amendment to Master Lease Agreement, dated September

---

[1] To wit, AFN was the owner of the twenty-one (21) properties identified on **Exhibit A** and **Exhibit B**, and ARG was the owner of eighteen (18) properties identified on **Exhibit C**.

AFSDOCS:303360911.4

27, 2023, that certain Second Amendment to Master Lease Agreement, dated August 12, 2024, and that certain Third Amendment to Master Lease Agreement dated April 17, 2025 (collectively, the "AFN 3 Master Lease"); and (c) Master Lease Agreement, dated June 9, 2023, by and between ARG, as landlord, and Tenant, as tenant, as amended by that certain First Amendment to Master Lease Agreement, dated September 27, 2023 (collectively, the "ARG 18 Master Lease").

10.     The AFN 18 Master Lease, a copy of which is annexed hereto as **Exhibit D**, covers eighteen (18) Georgia properties identified on Exhibit A (the "18 AFN Properties"); the AFN 3 Master Lease, a copy of which is annexed hereto as **Exhibit E**, covers three (3) Georgia properties identified on Exhibit B (the "3 AFN Properties"); and the ARG 18 Master Lease, a copy of which is annexed hereto as **Exhibit F**, covers eighteen (18) Georgia properties identified on Exhibit C (the "18 ARG Properties").

11.     Section 18.04(a) of the Master Leases makes clear that "all provisions of this [Master] Lease, including definitions, commencement and expiration dates, rental provisions, use provisions, renewal provisions, breach, default, enforcement and termination provisions and assignment and subletting provisions, shall apply equally and uniformly to all the Properties as one unit and are not severable. A default of any of the terms or conditions of this Lease occurring with respect to any one Property shall be a default under this Lease with respect to all the Properties."

### B.     Tenant's Monetary Obligations

12.     Section 5.01 of the Master Leases requires Tenant to pay base rent on the first day of each calendar month pursuant to a schedule annexed to each Master Lease.

13.     Section 5.03 of the Master Leases requires Tenant to pay Landlord other Monetary Obligations, as the term is defined in the Master Leases (*i.e.* all amounts due and payable under the Lease other than base rent), when the same shall become due.

14.     Section 5.04 of the Master Leases provides, in relevant part:

> All Rent which Tenant is required to pay hereunder shall be the unconditional obligation of Tenant and shall be payable in full when due and payable, without notice or demand, and **without any setoff, abatement, deferment, deduction or counterclaim whatsoever**.[2]

(Exs. D, E and F, Section 5.04; emphasis added).

15.     Section 5.06 of the Master Lease requires Tenant to pay Landlord late charges and interest for any past-due payments under the Lease, to wit: (i) a five percent (5%) late charge which "is intended to compensate Landlord for the cost of handling and processing such delinquent payment and should not be considered interest"; and (ii) default interest at the rate of eighteen percent (18%) per annum "computed from and including the date such payment was due through and including the date of the payment" (Exs. D, E and F, Section 5.06).

16.     Section 7.01 of the Master Leases requires Tenant to pay real estate taxes imposed upon the properties constituting the Premises.  Each real estate tax payment is due "prior to the earlier of delinquency or the accrual of interest on the unpaid balance" (Exs. D, E and F, Section 7.01).

17.     Section 7.02 of the Master Leases requires Tenant to "pay when due all charges for the connection and use of water, gas, electricity, telephone, garbage collection, sewer use and other utility services supplied to the Properties during the Lease Term" (Exs. D, E and F, Section 7.02).

---

[2] "Rent" is defined in the Master Leases, collectively, as Base Rent and Monetary Obligations

## C.   <u>Guarantor's Obligations</u>

18.    In connection with the Master Leases, the Guarantor executed (a) Lease Guaranty, dated June 9, 2023, guaranteeing Tenant's obligations under the AFN 18 Master Lease ("AFN 18 Guaranty"); (b) Lease Guaranty, dated June 9, 2023, guaranteeing Tenant's obligations under the AFN 3 Master Lease ("AFN 3 Guaranty"); and (c) Lease Guaranty, dated June 9, 2023, guaranteeing Tenant's obligations under the ARG 18 Master Lease ("ARG 18 Guaranty" (collectively, the "Guaranties"; individually, each a "Guaranty"), copies of which are annexed hereto respectively as **Exhibit J**, **Exhibit K**, and **Exhibit L**.

19.    Among other provisions in the Guaranties, the Guarantor specifically acknowledged, *inter alia*, that (1) the Guaranties were "condition[s] precedent" to the Master Leases, and that "Landlord would not have entered into the Lease with Tenant but for the agreement of Guarantor to concurrently guarantee Tenant's performance of the Guaranteed Obligations," (2) "[t]he execution and delivery of the Lease by Tenant is of value to Guarantor and is reasonably expected to benefit Guarantor," (3) "Guarantor has reviewed, and consents to the terms of, the Lease and confirms that the execution of the Lease will be of direct interest, benefit, and advantage to Guarantor;" and (4) "obligations of Guarantor under this Guaranty are independent of, and may exceed, the obligations of Tenant" (Exs. J, K and L, Recital B and Sections 2 and 3; *see also* Section 19).

20.    With respect to the guaranteed obligations, Section 1 of the Guaranties provides, in relevant part:

> Guarantor **unconditionally, absolutely and irrevocably** guarantees (a) the full, prompt, and complete payment when due, whether by acceleration or otherwise, of the entire amount of Rental and of all other amounts and obligations payable by Tenant under or in respect of the Lease, including reimbursements, late charges, interest and default interest ... , taxes, insurance premiums, damages, indemnity

obligations, collection and court costs, attorneys' fees, advances, and all other expenses and charges of any kind, in each case whether incurred prior to or after the execution of this Guaranty and all **without set-off, counterclaim, recoupment, or deduction** of any amounts owing or alleged to be owing by Landlord to Tenant or Guarantor; and (b) the full and complete performance, when due, of all of obligations to be performed by Tenant under or pursuant to the Lease, including all indemnity obligations. ...

(Exs. J, K and L at Section 1, emphasis added).

21.     Guarantor also specifically waived any defenses with respect to the enforcement of

the Guaranties in Section 4 thereof, which provides, in relevant part:

> This is an absolute and unconditional guaranty of payment and performance and not of collection. Guarantor unconditionally waives: (a) any requirement that Landlord first make demand upon, or seek to enforce or exhaust remedies against, Tenant or any other person or any property of Tenant or such other person before demanding payment from or seeking to enforce any of the provisions of this Guaranty against such Guarantor; (b) and **agrees not to assert any and all rights, benefits and defenses which might otherwise be available** ... . Guarantor agrees that this Guaranty shall remain in full effect without regard to, and shall not be affected or impaired by, any invalidity, irregularity or unenforceability in whole or in part of any of the Lease, or any limitation of the liability of Tenant under the Lease ....

(Exs. J, K and L at Section 4, emphasis added).

22.     Similarly, Section 6 of the Guaranties provides that "Guarantor's obligations ...

shall not be affected or impaired by reason of ... (e) any failure, omission, delay or lack on the part

of Landlord to enforce, assert or exercise any right, power or remedy conferred on Landlord in the

Lease ... ; (j) any setoff, defense, counterclaim, abatement, recoupment, reduction, change in law

or any other event or circumstance which might otherwise constitute a legal or equitable discharge

or defense of a guarantor, indemnitor or surety under the laws of the states in which the Properties

are located or any other jurisdiction" (Exs. J, K, and L, Section 6).

Case 1:25-cv-10683     Document 1-1     Filed 12/23/25     Page 10 of 28

C.     **Tenant's Rent Defaults**

23.     In early 2024, Tenant started accumulating arrears under the Master Leases by failing to pay rent, taxes, associated interest, late fees and other charges.

24.     As of January 2025, Tenant started to consistently fail to make base rent payments.

25.     Although not required under the Master Lease, Landlords repeatedly demanded payment of Tenant's growing arrears under the Master Leases, including by written demands to Tenant and Guarantor dated November 15, 2024.

26.     Notwithstanding Landlord's demands, to date, neither Tenant nor Guarantor have paid any base rent for any of the thirty-nine (39) properties constituting the Premises since January 2025, nor paid any portion of the pre-January arrears.

27.     As of May 2025, Tenant's arrears under the Master Leases were as follows: (1) $1,215,460.13 under the AFN 18 Master Lease for the 18 AFN Properties; (2) $324,504.25 under AFN 3 Master Lease for the 3 AFN Properties; and (3) $1,796,232.48 under ARG 18 Master Lease for the 18 ARG Properties.

28.     Section 13.01 of the Lease, titled Event of Default, provides, in relevant part, that "the following shall be an event of default by Tenant under this Lease (each, an 'Event of Default'): ... (b) if any Rental or other Monetary Obligation due under this Lease is not paid when due; (c) if Tenant fails to pay, prior to delinquency, any Taxes, assessments or other charges the failure of which to pay will result in the imposition of a lien against any of the Properties ..." (Exs. D, E and F, Section 13.01).

29.     Section 13.02 of the Master Leases, titled "Remedies," provides, in relevant part, as follows:

> Upon the occurrence of an Event of Default, with or without notice
> or demand, except as otherwise expressly provided herein or such

7

Case 1:25-cv-10683    Document 1-1    Filed 12/23/25    Page 11 of 28

other notice as may be required by statute and cannot be waived by Tenant, Landlord shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at Law or in equity, including, without limitation, any one or more of the following

(a) to terminate this Lease, whereupon Tenant's right to possession of the Properties shall cease and this Lease, except as to Tenant's liability, shall be terminated; ...

(Exs. D, E and F, Section 13.02).[3]

30.    Based on Tenant's growing arrears and a clear Event of Default, as defined in the Master Leases, Landlords elected to exercise their right to terminate Tenant's tenancies at the Premises by serving Tenant with three Notices of Lease Termination, dated May 23, 2025 (collectively, "Termination Notices"; individually each a "Termination Notice"). Copies of the Termination Notices, which annex detailed breakdown of Tenant's arrears through May 2025, are annexed hereto respectively as **Exhibit G**, **Exhibit H** and **Exhibit I**.

31.    To date, neither Tenant nor Guarantor have made any effort to pay any portion of the arrears.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract Against Tenant – Pre-Termination Arrears for the 18 AFN Properties)

32.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

33.    The AFN 18 Master Lease is a valid, binding and enforceable contract.

---

[3] In addition, Section 13.03 of the Master Lease, titled, Cumulative Remedies, provides: "(a) All powers and remedies given by Section 13.02 to Landlord, subject to applicable Law, shall be cumulative and not exclusive of one another or of any other right or remedy or of any other powers and remedies available to Landlord under this Lease, by judicial proceedings or otherwise, to enforce the performance or observance of the covenants and agreements of Tenant contained in this Lease, and no delay or omission of Landlord to exercise any right or power accruing upon the occurrence of any Event of Default shall impair any other or subsequent Event of Default or impair any rights or remedies consequent thereto."

8

AFSDOCS:303360911.4

34.     Tenant wrongfully failed to pay the arrears to AFN, which constitutes a material breach and a violation of the AFN 18 Master Lease.

35.     As a direct and proximate cause of Tenant's breach, AFN was damaged in the amount of $1,215,460.13, plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract Against Tenant – Accelerated Rent for 18 AFN Properties)

36.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein

37.     Tenant wrongfully failed to pay the arrears to AFN, which constitutes a material breach and an Event of Default under the AFN 18 Master Lease.

38.     Section 13.02(f) of the AFN 18 Master Lease provides, in relevant part:

> Upon the occurrence of an Event of Default, with or without notice or demand, except as otherwise expressly provided herein or such other notice as may be required by statute and cannot be waived by Tenant, Landlord shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at Law or in equity, including, without limitation, any one or more of the following : …

> (f) to accelerate and recover from Tenant all Rent due and owing and scheduled to become due and owing under this Lease both before and after the date of such breach for the entire original scheduled Lease Term, discounted to present value, less the fair rental value of the Properties for the balance of the term, and Landlord may collect the same by distress or otherwise; …

(Exs. D, E and F, Section 13.02).

39.     Based on Tenant's growing arrears and a clear Event of Default, AFN exercised its right to terminate Tenant's tenancy at the 18 AFN Properties by serving Tenant with a Termination Notice, terminating the AFN 18 Master Lease as of May 28, 2025.

9

40.     Pursuant to the AFN 18 Master Lease, AFN is entitled to recover from Tenant accelerated rent due and owing under the AFN 18 Master Lease for the balance of the AFN 18 Master Lease term, discounted to present value, less the fair rental value of the 18 AFN Properties for the balance of the AFN 18 Master Lease term.

41.     As a direct and proximate cause of Tenant's breach, AFN was damaged in an amount to be determined at trial, plus interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Attorneys' Fees Under the AFN 18 Master Lease)**

42.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

43.     Section 18.07 of the AFN 18 Master Lease, titled "Attorneys' Fees", provides, in relevant part:

> In the event of any judicial or other adversarial proceeding concerning this Lease, to the extent permitted by Law, Landlord shall be entitled to recover all of its reasonable attorneys' fees and other Costs in addition to any other relief to which it may be entitled. In addition, Landlord shall, upon demand, be entitled to all attorneys' fees and all other Costs incurred in the preparation and service of any notice or demand hereunder, whether or not a legal action is subsequently commenced. …

(Ex. D, Section 18.07).

44.     Similarly, Section 13.02 of the AFN Master Lease provides, in relevant part:

> Upon the occurrence of an Event of Default, with or without notice or demand, except as otherwise expressly provided herein or such other notice as may be required by statute and cannot be waived by Tenant, Landlord shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at Law or in equity, including, without limitation, any one or more of the following ….

10

AFSDOCS:303360911.4

Case 1:25-cv-10683    Document 1-1    Filed 12/23/25    Page 14 of 28

(g) to recover from Tenant all Costs paid or incurred by Landlord as a result of such breach, regardless of whether or not legal proceedings are actually commenced; ...

(Exs. D, Section 13.02).

45.    In other words, AFN is entitled to recover its costs and attorneys' fees from Tenant pursuant to both Sections 13.02 and 18.07.

46.    AFN has incurred and will continue to incur costs and expenses, including attorneys' fees, to enforce its rights under the AFN 18 Master Lease.

47.    Based on the foregoing, Landlord is entitled to an award of attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the AFN 18 Master Lease in an amount to be determined at a hearing or trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract Against Guarantor – Pre-Termination Arrears for the 18 AFN Properties)

48.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

49.    The AFN 18 Guaranty is a valid, binding and enforceable contract.

50.    Pursuant to the AFN 18 Guaranty, the Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the AFN 18 Master Lease.

51.    Guarantor breached the AFN 18 Guaranty by failing to pay Tenant's arrears to AFN, which amounts are due and owing under the Guaranty.

52.    As a direct and proximate cause of Guarantor's breach, AFN was damaged in the amount of $1,215,460.13, plus interest

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract Against Guarantor – Accelerated Rent for the 18 AFN Properties)

53.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

54.     AFN exercised its right to terminate Tenant's tenancy at the 18 AFN Properties by serving Tenant with a Termination Notice, triggering its right to recover accelerated rent due and owing under the AFN 18 Master Lease for the balance of the AFN 18 Master Lease term, discounted to present value, less the fair rental value of the 18 AFN Properties for the balance of the AFN 18 Master Lease term.

55.     Pursuant to the AFN 18 Guaranty, the Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the AFN 18 Master Lease, including, without limitation, "the full, prompt, and complete payment when due, **whether by acceleration or otherwise**, of the entire amount of Rental and of all other amounts and obligations payable by Tenant under or in respect of the Lease" (Ex. J, Section 1; emphasis added).

56.     Thus, Guarantor is liable to AFN for the accelerated rent set forth in Section 13.02(f) of the AFN 18 Master Lease, which the Guarantor failed to pay.

57.     As a direct and proximate cause of Tenant's breach, AFN was damaged in an amount to be determined at trial, plus interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Attorneys' Fees Under the AFN 18 Guaranty)**

58.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

59.     Pursuant to Section 1 of the AFN 18 Guaranty, Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the AFN 18 Master Lease, including, without limitation, Landlord's costs, expenses and attorneys' fees

12

incurred in connection with this action and its efforts to enforce its rights under the AFN 18 Master Lease.

60.    AFN has incurred and will continue to incur costs and expenses, including attorneys' fees, to enforce its rights under the AFN 18 Master Lease.

61.    Based on the foregoing, Landlord is entitled to an award of attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the AFN 18 Master Lease in an amount to be determined at a hearing or trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract Against Tenant – Pre-Termination Arrears for the 3 AFN Properties)

62.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

63.    The AFN 3 Master Lease is a valid, binding and enforceable contract.

64.    Tenant wrongfully failed to pay the arrears to AFN, which constitutes a material breach and a violation of the AFN 3 Master Lease.

65.    As a direct and proximate cause of Tenant's breach, AFN was damaged in the amount of $324,504.25, plus interest.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Breach of Contract Against Tenant – Accelerated Rent for 3 AFN Properties)

66.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein

67.    Tenant wrongfully failed to pay the arrears to AFN, which constitutes a material breach of and an Event of Default under the AFN 3 Master Lease.

68.    Section 13.02(f) of the AFN 3 Master Lease provides, in relevant part:

> Upon the occurrence of an Event of Default, with or without notice
> or demand, except as otherwise expressly provided herein or such

13

other notice as may be required by statute and cannot be waived by Tenant, Landlord shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at Law or in equity, including, without limitation, any one or more of the following : …

(f) to accelerate and recover from Tenant all Rent due and owing and scheduled to become due and owing under this Lease both before and after the date of such breach for the entire original scheduled Lease Term, discounted to present value, less the fair rental value of the Properties for the balance of the term, and Landlord may collect the same by distress or otherwise; …

(Exs. D, E and F, Section 13.02).

69.     Based on Tenant's growing arrears and a clear Event of Default, AFN exercised its right to terminate Tenant's tenancy at the 3 AFN Properties by serving Tenant with a Termination Notice, terminating the AFN 3 Master Lease as of May 28, 2025.

70.     Pursuant to the AFN 3 Master Lease, AFN is entitled to recover from Tenant accelerated rent due and owing under the AFN 3 Master Lease for the balance of the AFN 3 Master Lease term, discounted to present value, less the fair rental value of the 3 AFN Properties for the balance of the AFN 3 Master Lease term.

71.     As a direct and proximate cause of Tenant's breach, AFN was damaged in an amount to be determined at trial, plus interest.

### AS AND FOR A NINTH CAUSE OF ACTION
#### (Attorneys' Fees Under the AFN 3 Master Lease)

72.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

73.     Section 18.07 of the AFN 3 Master Lease, titled "Attorneys' Fees", provides, in relevant part:

In the event of any judicial or other adversarial proceeding concerning this Lease, to the extent permitted by Law, Landlord

14

> shall be entitled to recover all of its reasonable attorneys' fees and other Costs in addition to any other relief to which it may be entitled. In addition, Landlord shall, upon demand, be entitled to all attorneys' fees and all other Costs incurred in the preparation and service of any notice or demand hereunder, whether or not a legal action is subsequently commenced. …

(Ex. E, Section 18.07).

74.     Similarly, Section 13.02 of the AFN 3 Master Lease provides, in relevant part:

> Upon the occurrence of an Event of Default, with or without notice or demand, except as otherwise expressly provided herein or such other notice as may be required by statute and cannot be waived by Tenant, Landlord shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at Law or in equity, including, without limitation, any one or more of the following ….
>
> (g) to recover from Tenant all Costs paid or incurred by Landlord as a result of such breach, regardless of whether or not legal proceedings are actually commenced; ...

(Ex. E, Section 13.02).

75.     In other words, AFN is entitled to recover its costs and attorneys' fees from Tenant pursuant to both Sections 13.02 and 18.07.

76.     AFN has incurred and will continue to incur costs and expenses, including attorneys' fees, to enforce its rights under the AFN 3 Master Lease.

77.     Based on the foregoing, Landlord is entitled to an award of attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the AFN 3 Master Lease in an amount to be determined at a hearing or trial.

## AS AND FOR A TENTH CAUSE OF ACTION
**(Breach of Contract Against Guarantor – Pre-Termination Arrears for the 3 AFN Properties)**

78.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

AFSDOCS:303360911.4

79.     The AFN 3 Guaranty is a valid, binding and enforceable contract.

80.     Pursuant to the AFN 3 Guaranty, the Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the AFN 3 Master Lease.

81.     Guarantor breached the AFN 3 Guaranty by failing to pay Tenant's arrears to AFN, which amounts are due and owing under the Guaranty.

82.     As a direct and proximate cause of Guarantor's breach, AFN was damaged in the amount of $324,504.25, plus interest.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Breach of Contract Against Guarantor – Accelerated Rent for the 3 AFN Properties)

83.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

84.     AFN exercised its right to terminate Tenant's tenancy at the 3 AFN Properties by serving Tenant with a Termination Notice, triggering its right to recover accelerated rent due and owing under the AFN 3 Master Lease for the balance of the AFN 3 Master Lease term, discounted to present value, less the fair rental value of the 3 AFN Properties for the balance of the AFN 3 Master Lease term.

85.     Pursuant to the AFN 3 Guaranty, the Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the AFN 3 Master Lease, including, without limitation, "the full, prompt, and complete payment when due, **whether by acceleration or otherwise**, of the entire amount of Rental and of all other amounts and obligations payable by Tenant under or in respect of the Lease" (Ex. K, Section 1; emphasis added).

86.     Thus, Guarantor is liable to AFN for the accelerated rent set forth in Section 13.02(f) of the AFN 3 Master Lease, which the Guarantor failed to pay.

16

Case 1:25-cv-10683    Document 1-1    Filed 12/23/25    Page 20 of 28

87.    As a direct and proximate cause of Tenant's breach, AFN was damaged in an amount to be determined at trial, plus interest.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Attorneys' Fees Under the AFN 3 Guaranty)

88.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

89.    Pursuant to Section 1 of the AFN 3 Guaranty, Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the AFN 3 Master Lease, including, without limitation, Landlord's costs, expenses and attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the AFN 3 Master Lease.

90.    AFN has incurred and will continue to incur costs and expenses, including attorneys' fees, to enforce its rights under the AFN 3 Master Lease.

91.    Based on the foregoing, Landlord is entitled to an award of attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the AFN 3 Master Lease in an amount to be determined at a hearing or trial.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Breach of Contract Against Tenant – Pre-Termination Arrears for the 18 ARG Properties)

92.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

93.    The ARG 18 Master Lease is a valid, binding and enforceable contract.

94.    Tenant wrongfully failed to pay the arrears to ARG, which constitutes a material breach and a violation of the ARG 18 Master Lease.

AFSDOCS:303360911.4

95.     As a direct and proximate cause of Tenant's breach, ARG was damaged in the amount of $1,796,232.48, plus interest.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Breach of Contract Against Tenant – Accelerated Rent for 18 ARG Properties)

96.     Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein

97.     Tenant wrongfully failed to pay the arrears to ARG, which constitutes a material breach of and an Event of Default under the ARG 18 Master Lease.

98.     Section 13.02(f) of the ARG 18 Master Lease provides, in relevant part:

> Upon the occurrence of an Event of Default, with or without notice or demand, except as otherwise expressly provided herein or such other notice as may be required by statute and cannot be waived by Tenant, Landlord shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at Law or in equity, including, without limitation, any one or more of the following : …

> (f) to accelerate and recover from Tenant all Rent due and owing and scheduled to become due and owing under this Lease both before and after the date of such breach for the entire original scheduled Lease Term, discounted to present value, less the fair rental value of the Properties for the balance of the term, and Landlord may collect the same by distress or otherwise; …

(Exs. D, E and F, Section 13.02).

99.     Based on Tenant's growing arrears and a clear Event of Default, ARG exercised its right to terminate Tenant's tenancy at the 18 ARG Properties by serving Tenant with a Termination Notice, terminating the ARG 18 Master Lease as of May 28, 2025.

100.     Pursuant to the ARG 18 Master Lease, ARG is entitled to recover from Tenant accelerated rent due and owing under the ARG 18 Master Lease for the balance of the ARG 18

18

Master Lease term, discounted to present value, less the fair rental value of the 18 ARG Properties for the balance of the ARG 18 Master Lease term.

101.    As a direct and proximate cause of Tenant's breach, ARG was damaged in an amount to be determined at trial, plus interest.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Attorneys' Fees Under the ARG 18 Master Lease)

102.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

103.    Section 18.07 of the ARG 18 Master Lease, titled "Attorneys' Fees", provides, in relevant part:

> In the event of any judicial or other adversarial proceeding concerning this Lease, to the extent permitted by Law, Landlord shall be entitled to recover all of its reasonable attorneys' fees and other Costs in addition to any other relief to which it may be entitled. In addition, Landlord shall, upon demand, be entitled to all attorneys' fees and all other Costs incurred in the preparation and service of any notice or demand hereunder, whether or not a legal action is subsequently commenced. …

(Ex. F, Section 18.07).

104.    Similarly, Section 13.02 of the ARG Master Lease provides, in relevant part:

> Upon the occurrence of an Event of Default, with or without notice or demand, except as otherwise expressly provided herein or such other notice as may be required by statute and cannot be waived by Tenant, Landlord shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at Law or in equity, including, without limitation, any one or more of the following ….
>
> (g) to recover from Tenant all Costs paid or incurred by Landlord as a result of such breach, regardless of whether or not legal proceedings are actually commenced; ...

(Ex. F, Section 13.02).

19

105.    In other words, ARG is entitled to recover its costs and attorneys' fees from Tenant pursuant to both Sections 13.02 and 18.07.

106.    ARG has incurred and will continue to incur costs and expenses, including attorneys' fees, to enforce its rights under the ARG 18 Master Lease.

107.    Based on the foregoing, Landlord is entitled to an award of attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the ARG 18 Master Lease in an amount to be determined at a hearing or trial.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
**(Breach of Contract Against Guarantor – Pre-Termination Arrears for the 18 ARG Properties)**

108.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

109.    The ARG 18 Guaranty is a valid, binding and enforceable contract.

110.    Pursuant to the ARG 18 Guaranty, the Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the ARG 18 Master Lease.

111.    Guarantor breached the ARG 18 Guaranty by failing to pay Tenant's arrears to ARG, which amounts are due and owing under the Guaranty.

112.    As a direct and proximate cause of Guarantor's breach, ARG was damaged in the amount of $1,796,232.48, plus interest.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
**(Breach of Contract Against Guarantor – Accelerated Rent for the 18 ARG Properties)**

113.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

114.    ARG exercised its right to terminate Tenant's tenancy at the 18 ARG Properties by serving Tenant with a Termination Notice, triggering its right to recover accelerated rent due and

20

owing under the ARG 18 Master Lease for the balance of the ARG 18 Master Lease term, discounted to present value, less the fair rental value of the 18 ARG Properties for the balance of the ARG 18 Master Lease term.

115.    Pursuant to the ARG 18 Guaranty, the Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the ARG 18 Master Lease, including, without limitation, "the full, prompt, and complete payment when due, **whether by acceleration or otherwise**, of the entire amount of Rental and of all other amounts and obligations payable by Tenant under or in respect of the Lease" (Ex. L, Section 1; emphasis added).

116.    Thus, Guarantor is liable to ARG for the accelerated rent set forth in Section 13.02(f) of the ARG 18 Master Lease, which the Guarantor failed to pay.

117.    As a direct and proximate cause of Tenant's breach, ARG was damaged in an amount to be determined at trial, plus interest.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
#### (Attorneys' Fees Under the ARG 18 Guaranty)

118.    Landlords repeat and re-allege each and every factual allegation set forth above as if fully incorporated herein.

119.    Pursuant to Section 1 of the ARG 18 Guaranty, Guarantor absolutely and unconditionally guaranteed Tenant's payment and performance of all obligations under the ARG 18 Master Lease, including, without limitation, Landlord's costs, expenses and attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the ARG 18 Master Lease.

120.    ARG has incurred and will continue to incur costs and expenses, including attorneys' fees, to enforce its rights under the ARG 18 Master Lease.

121.     Based on the foregoing, Landlord is entitled to an award of attorneys' fees incurred in connection with this action and its efforts to enforce its rights under the ARG 18 Master Lease in an amount to be determined at a hearing or trial.

**WHEREFORE**, Landlords respectfully demand judgment as follows:

a) On the First Cause of Action, a money judgment against Tenant in the amount of $1,215,460.13, plus interest;

b) On the Second Cause of Action, a money judgment against Tenant in an amount to be determined by the Court, plus interest;

c) On the Third Cause of Action, a money judgment against Tenant in an amount to be determined by the Court, plus interest;

d) On the Fourth Cause of Action, a money judgment against Guarantor in the amount of $1,215,460.13, plus interest;

e) On the Fifth Cause of Action, a money judgement against Guarantor in an amount to be determined by the Court, plus interest;

f) On the Sixth Cause of Action, a money judgement against Guarantor in an amount to be determined by the Court, plus interest;

g) On the Seventh Cause of Action, a money judgment against Tenant in the amount of $324,504.25, plus interest;

h) On the Eighth Cause of Action, a money judgment against Tenant in an amount to be determined by the Court, plus interest;

i) On the Ninth Cause of Action, a money judgment against Tenant in an amount to be determined by the Court, plus interest;

j) On the Tenth Cause of Action, a money judgment against Guarantor in the amount of $324,504.25, plus interest;

k) On the Eleventh Cause of Action, a money judgement against Guarantor in an amount to be determined by the Court, plus interest;

l) On the Twelfth Cause of Action, a money judgement against Guarantor in an amount to be determined by the Court, plus interest;

m) On the Thirteenth Cause of Action, a money judgment against Tenant in the amount of $1,796,232.48, plus interest;

n) On the Fourteenth Cause of Action, a money judgment against Tenant in an amount to be determined by the Court, plus interest;

o) On the Fifteenth Cause of Action, a money judgment against Tenant in an amount to be determined by the Court, plus interest;

p) On the Sixteenth Cause of Action, a money judgment against Guarantor in the amount of $1,796,232.48, plus interest;

q) On the Seventeenth Cause of Action, a money judgement against Guarantor in an amount to be determined by the Court, plus interest;

r) On the Eighteenth Cause of Action, a money judgement against Guarantor in an amount to be determined by the Court, plus interest; and

s) Granting Landlords such other and further relief as the Court deems just and proper.

Dated:   New York, New York
November 20, 2025

ARENTFOX SCHIFF LLP
*Attorneys for Plaintiffs*

By:   */s/ Dejan Kezunovic*
Andrew I. Silfen
Dejan Kezunovic
James E. Britton
1301 Avenue of the Americas, 42nd Fl.
New York, NY 10019
(212) 484-3931

## **VERIFICATION**

STATE OF NEW YORK          )
                           )          ss.:
COUNTY OF NEW YORK    )

      **Jesse Charles Galloway**, being duly sworn deposes and says:

      1.     I am the Authorized Signatory of AFN ABSPROP001, LLC ("Plaintiff").

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

the same is true based upon my own knowledge and books and records of Plaintiff, and as to those

matters alleged upon information and belief, I believe those matters to also be true.

 

                                                _____
                                                 Jesse Charles Galloway

Sworn to before me this <u>20</u>th
day of <u>November</u>, 2025

_Estrella Cruz_ ___
NOTARY PUBLIC

                                 **ESTRELLA CRUZ**
                **Notary Public - State of New York**
                   **NO. 01CR6293524**
                   **Qualified in Bronx County**
          **My Commission Expires Dec 16, 2025**

24

## **VERIFICATION**

STATE OF NEW YORK     )
                                  )      ss.:
COUNTY OF NEW YORK   )

       **Jesse Charles Galloway**, being duly sworn deposes and says:

       3.      I am the Authorized Signatory of ARG ME19PCK001, LLC ("Plaintiff").

       4.      I have read the foregoing Verified Complaint and know the contents thereof; and the same is true based upon my own knowledge and books and records of Plaintiff, and as to those matters alleged upon information and belief, I believe those matters to also be true.

_____
Jesse Charles Galloway

Sworn to before me this 20th
day of November         , 2025

_____
NOTARY PUBLIC

> ESTRELLA CRUZ
> Notary Public - State of New York
> NO. 01CR6293524
> Qualified in Bronx County
> My Commission Expires Dec 16, 2025

25